DOUGLAS J. FARMER, State Bar No. 139646
douglas.farmer@ogletreedeakins.com
MICHAEL J. NADER, State Bar No. 200425
michael.nader@ogletreedeakins.com
CHRISTOPHER M. AHEARN, State Bar No. 239089
chris.ahearn@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:    415.442.4810
Facsimile:    415.442.4870

Attorneys for Defendant
BATH & BODY WORKS, LLC

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCSICO DIVISION

|  |  |
|---|---|
| DORA OLIVERAS, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>BATH & BODY WORKS, LLC, and DOES 1 through 60, inclusive,<br><br>        Defendants. | Case No. **C11-02610**<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT BATH & BODY WORKS, LLC**<br><br>Removal from:  San Mateo County Sup. Ct., Case No. CIV 505003 |

Case No.

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN**

2  **DISTRICT OF CALIFORNIA, PLAINTIFF AND HER ATTORNEYS OF RECORD:**

3      **PLEASE TAKE NOTICE** that Defendant Bath & Body Works, LLC, (hereinafter referred

4  to as "Defendant"), through undersigned counsel, hereby removes the above-captioned action from

5  the Superior Court of the State of California in and for the County of San Mateo, to the United

6  States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332(d) (the

7  Class Action Fairness Act), 1441 and 1446.

8      Defendant's Notice of Removal is based upon and supported by the following:

9                                  **THE STATE COURT ACTION**

10     1.      On or about April 20, 2011, Plaintiff Dora Oliveras ("Plaintiff"), as an individual

11 and on behalf of all others similarly situated, filed an unverified Complaint for Damages (the

12 "Complaint") in the Superior Court of the State of California, County of San Mateo, entitled

13 "DORIS OLIVERAS, on behalf of herself and all others similarly situated, Plaintiff, vs. BATH &

14 BODY WORKS, LLC, and DOES 1 THROUGH 60, inclusive," Case No. CIV 505003 (the "State

15 Court Action"). A copy of the Civil Case Cover Sheet filed by the Plaintiff in the State Court

16 Action is attached as Exhibit A.

17     2.      The Complaint asserts claims for: (1) violation of California Business & Profession

18 Code sections 17200 et seq; (2) late payment of wages pursuant to Labor Code sections 201-203;

19 and (3) failure to pay overtime wages pursuant to sections 510 and 1198. A copy of the Complaint

20 is attached as Exhibit B.

21     3.      A copy of a Certificate re Complex Case Designation filed by the Plaintiff in the

22 State Court Action is attached as Exhibit C.

23     4.      A copy of the Summons issued to Defendant in the State Court Action is attached as

24 Exhibit D.

25     5.      A copy of a Notice of Case Management Conference filed in the State Court Action

26 is attached as Exhibit E.

27     6.      On May 27, 2011, Defendant filed its Answer to the Complaint (the "Answer"). A

28 file-endorsed copy of the Answer is attached as Exhibit F.

---

                                              1          Case No.

## THE FEDERAL COURT'S JURISDICTION AND REMOVABILITY
## PURSUANT TO THE CLASS ACTION FAIRNESS ACT

7.    On February 18, 2005, the Class Action Fairness Act of 2005 ("CAFA") was enacted.  In relevant part, CAFA grants U.S. district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the matter in controversy exceeds the sum or value of $5 million, exclusive of interests and costs.  28 U.S.C. § 1332(d)(2).  CAFA authorizes removal of such actions in accordance with 28 U.S.C. section 1446.  While there are a number of exceptions to this rule of original jurisdiction contained in amended 28 U.S.C. sections 1332(d)(3)-(5), none of them is applicable here.

8.    This Court has original jurisdiction over this case under 28 U.S.C. section 1332(d) of the Act, in that it is a civil action filed as a class action wherein the matter in controversy exceeds the sum of $5 million, exclusive of interest and costs, and at least one member (if not all) of the putative class of plaintiffs is a citizen of a state different from Defendant.

9.    This action was initially brought pursuant to California Code of Civil Procedure section 382 on behalf of a putative class with an aggregate potential membership in excess of 100 individuals.  Declaration of Denise R. Slazyk, filed and served herewith (the "Slazyk Decl."), ¶ 2 & Exhibit 1 thereto.

10.    Under section 1453(b) of CAFA, "A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(b) shall not apply), without regard to whether a defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants."  The Act's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which none of the defendants are citizens, when one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen, or when one plaintiff is a U.S. citizen and one defendant is a citizen of a foreign state.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a); *Rodgers v. Central Locating Service, Ltd.*, 2006 U.S. Dist. LEXIS 6255, *7-*8.

11.    At least one of the members of the putative class was, on April 20, 2011, a resident

1  of California according to Defendant's records, and that continues to be the case.  Slazyk Decl., ¶

2  3. Defendant is informed and believes that Plaintiff was, at the time of the filing of the State Court

3  Action, and through the present, is and has been a resident and citizen of the State of California.

4  *See* Slazyk Decl., ¶ 4.

5       12.    Defendant was, at the time of filing of the State Court Action, and remains,

6  incorporated in the State of Deleware.  Slazyk Decl., ¶ 5.  Defendant's principal place of business

7  is in Reynoldsburg, Ohio.  Slazyk Decl., ¶ 6.  Pursuant to 28 U.S.C. section 1332(c), "a corporation

8  shall be deemed to be a citizen of any State by which it has been incorporated and of the State

9  where it has its principal place of business."  Defendant Bath & Body Works, LLC is therefore a

10  citizen of the States of Delaware and Ohio.  For purposes of federal diversity jurisdiction, the fact

11  that Defendant's principal place of business is in Ohio means that it is a citizen of Ohio, and not of

12  California, for diversity purposes.  *Hertz Corp. v. Friend, et al.*, 130 S.Ct. 1181, 1185-86 (2010).

13       13.    Based upon the foregoing, minimal diversity is established because named Plaintiff

14  is a citizen of California, as is at least one member of the putative class, and Defendant is a citizen

15  of Ohio.

16       14.    Because Defendant Bath and Body Works, LLC is the only named defendant,

17  consent to and joinder in removal is not required by any other defendant.  What is more, such

18  joinder is not required in a removal under CAFA. 28 U.S.C. § 1453(b).

19       15.    Removal and Intradistrict Assignment to the San Francisco division of this Court is

20  proper because Defendant conducts business within the County and City of San Francisco.  Slazyk

21  Decl., ¶ 7.

22                         **AMOUNT IN CONTROVERSY**

23       16.    The Class Action Fairness Act, 28 U.S.C. section 1332(d) authorizes the removal of

24  class action cases in which, among other factors mentioned above, the amount in controversy for

25  all class members exceeds $5 million.  The Complaint specifically alleges that the Plaintiff and

26  members of the class she purports to represent are owed in excess of $10 million.  Exhibit B

27  (Complaint), Prayer for Judgment Item 4, at 7:5.  Thus, the Plaintiff has alleged an amount in

28  controversy that meets CAFA's minimum.  *See* 28 U.S.C. § 1332(d)(6).

17.     As required by 28 U.S.C. §1446(d), the original Notice was filed within 30 days after Defendant was first served, on May 2, 2011, with a copy of the Summons (attached hereto as Exhibit D) and Complaint (attached hereto as Exhibit B).

18.     As required by 28 U.S.C. §1446(d), Defendant provided notice of this removal to Plaintiff through her attorneys of record.

19.     As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for the County of San Mateo.

20.     In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal.

WHEREFORE, Defendant Bath & Body Works, LLC removes the above-captioned action to this Court.

DATED:  June 1, 2011

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Douglas J. Farmer
Michael J. Nader
Christopher M. Ahearn
Attorneys for Defendant BATH & BODY WORKS, LLC

*Oliveras v. Bath & Body Works, LLC*, U.S. Dist. Ct (N.D. Cal.), Case No _____

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT BATH & BODY WORKS, LLC

## **EXHIBIT A**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State number, and address):* | FOR COURT USE ONLY |
|---|---|
| Daniel Berko SBN-94912<br>LAW OFFICES OF DANIEL BERKO<br>819 Eddy Street<br>San Francisco, CA 94116 | **RECEIVED**<br><br>**APR 20 2011**<br><br>CLERK OF THE SUPERIOR COURT<br>SAN MATEO COUNTY |
| TELEPHONE NO.: 415-771-6174   FAX NO.: 415-474-3748 | |
| ATTORNEY FOR *(Name):* Plaintiff DORA OLIVERAS and other similarly situated | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN MATEO**
STREET ADDRESS: **400 County Center**
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Unlimite Civil Jurisdiction

CASE NAME:
DORA OLIVERAS v. BATH & BODY WORKS, LLC, and Does 1-60

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: **CIV 5 0 5 0 0 3** |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☑ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☑ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve             in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence     f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☑ monetary  b.☑ nonmonetary; declaratory or injunctive relief   c.☐ punitive

4. Number of causes of action *(specify):* B&P Section 17200, Labor Code Sections 201-203, and 510, 1194

5. This case ☑ is  ☐ is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 19, 2011
DANIEL BERKO
(TYPE OR PRINT NAME)                                    ▶ _____
                                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
                                                                                                          Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

*Oliveras v. Bath & Body Works, LLC*, U.S. Dist. Ct (N.D. Cal.), Case No _____

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT BATH & BODY WORKS, LLC

**EXHIBIT B**

Daniel Berko - SBN 94912
819 Eddy Street
San Francisco, CA 94109
Telephone: 415-771-6174
Facsimile: 415-474-3748
E-mail: Daniel@berkolaw.com

Ɔ B16/ OB

Attorney for DORA OLIVERAS
on behalf of herself and all others similarly situated

**FILED**
**SAN MATEO COUNTY**

APR 2 0 2011

Clerk of the Superior Court
By _____
DEPUTY CLERK

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# IN AND FOR THE COUNTY OF SAN MATEO

# UNLIMITED JURISDICTION

DORA OLIVERAS, on behalf of herself
and all others similarly situated,

    Plaintiff,

-vs-

BATH & BODY WORKS, LLC, and DOES
1 THROUGH 60, inclusive.

    Defendants.

Case No. **CIV 505003**

**COMPLAINT FOR DAMAGES**

CLASS ACTION

JURY TRIAL DEMANDED BY
PLAINTIFFS

Plaintiff DORA OLIVERAS complains of Defendants and each of them as follows:

1.    Defendants BATH & BODY WORKS, LLC and Does 1 through 60 employed
DORA OLIVERAS (hereinafter "OLIVERAS") as a store manager. OLIVERAS managed the
BBW store at the Hillsdale Mall, in San Mateo County, California, from approximately March 1,
2010 to September 2010.

2.    BATH & BODY WORKS, LLC (hereinafter "BBW") is a Delaware Limited
Liability Company, licensed to do business in the State of California, and operates within the
state as a purveyor of lotions and potions sold through retail outlets.

3.    Plaintiff does not know the true names of Defendants DOES 1-60 inclusive, and
therefore sue them by those fictitious names. Plaintiff is informed and believes, and on the basis
of that information and belief alleges, that each of those defendants was in some manner legally

1  responsible for the events, happenings, injuries and damages alleged in this complaint. Plaintiff

2  is informed and believes and thereupon alleges that each of the Does 1-60 and all named

3  Defendants, and each of them, encouraged, supported, aided, advised, agreed upon and abetted

4  the violations that are alleged in this complaint.

5      4.    In this complaint when reference is made to any act of BBW such allegations

6  shall mean that the owners, officers, directors, agents, employees or representatives of BBW

7  authorized, ratified, approved such acts, or negligently failed and omitted to supervise its

8  employees and agents while engaged in the management, direction, operation or control of the

9  affairs of the business organization and did so while acting within the course and scope of its

10  employment or agency.

11      5.    Plaintiff OLIVERAS brings this action on her own behalf, and on behalf of all

12  persons similarly situated. The class Plaintiff represents consists of all persons who were

13  employed by BBW and who were not paid for all hours at BBW and did not receive overtime

14  compensation even though they were not exempt employees. The class comprises all managers,

15  co-managers and similarly situated employees who worked off the clock uncompensated hours

16  while employed at BBW.

17      6.    Plaintiffs and class members maintain that defendants' company-wide policy of

18  not paying them for work performed at home involving access to the company's "Aces" program

19  for the purpose of creating, modifying and updating staff schedules, and work performed on

20  tasks having to do with employee evaluations and the like, was a willful, intentional, and

21  knowing violation of California law.

22      7.    There are well-defined common of questions of law and fact affecting the class

23  Plaintiff represents. The class members' claims against Defendants involve questions of common

24  and general interest in that each and every one of the class members:

25          a.  Worked off the clock as a matter of company-wide policy;

26          b.  Were not paid for all hours worked;

27          c.  Were not paid all overtime premium pay due to them;

28          d.  Were knowingly and intentionally not paid at termination of employment all

COMPLAINT FOR DAMAGES - 2 -

1   monies due to them;

2      e.   Benefit from liability being found as against all defendants for all claims;

3      f.   Are subject to all of the same defenses that Defendants will assert;

4      g.   Have an identical interest in the success of the legal theories being asserted;

5      h.   Will benefit from having the claims asserted as a class action;

6      i.   Have an identical interest in demonstrating the liability of each and every

7          defendant;

8      j.   Will prove the liability of each and every defendant due to his or its personal

9          connection to the wrongdoing utilizing identical or nearly identical evidence in

10         support;

11     k.   Claim identical or nearly identical types of damages and penalties; and

12     l.   Every class member has identical facts supporting her claim that COMCAST

13         should be liable for his damages.

14     8.      Accordingly, the facts supporting the claim for each class member are identical or

15  substantially similar for Plaintiff and each member of the class and the alleged breach and claim

16  of liability is identical or substantially identical for each member of the class. These questions

17  are such that proof of a state of facts common to the class representatives and to members of the

18  class will entitle each member of the class to the relief requested in this complaint.

19     9.      Plaintiff will fairly and adequately represent the interests of the class, because

20  Plaintiff is a member of the class and Plaintiff's claims are typical of those in the class.

21                             **FIRST CAUSE OF ACTION**

22            **(VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200)**

23     10.      Plaintiff incorporates herein in *haec verba* all of the allegations, averments and

24  matters contained in paragraphs 1-9 above.

25     11.      Business and Professions Code §17200 *et seq.* prohibits any business from

26  engaging in unfair competition which it defines as any unlawful, unfair or fraudulent business act

27  or practice and unfair, deceptive, untrue or misleading advertising including any act prohibited

28  by Business and Professions Code §17500.

12.   BBW's refusal to pay class members the wages due to them as alleged herein, was aided, abetted, supported and encouraged by all defendants. BBW's acts and omissions in suffering and permitting of the work of OLIVERAS and the Class Members, and its failure to pay for all hours worked, overtime premium pay, and all wages due upon termination are each separately and collectively unfair and unlawful business practices.

13.   Each class member is entitled to restitutionary damages and disgorgement of wrongful profits which constitute or result from (1) the failure to pay all wages due or (2) the failure to pay overtime due under Labor Code §§510 and 1198 in conjunction with Wage Order 7-2001 and 29 US.C. 202 *et seq.*, or (3) the failure to pay for all time spent while employed by BBW or (4) the willful failure to pay all monies due at the termination of employment. To the extent that Defendants, and any of them, received greater profits from their business or money from BBW's operations than they otherwise would have had Defendants obeyed California and United States labor laws, Defendant BBW and Does 1-60 must disgorge all such profits and money in order to pay Plaintiff and the Class the money owed to them. Among the laws violated by Defendants and Does 1-60 are California Constitution Article XV, §1 California Labor Code 201, 203, 226, 510 and 1198. Plaintiffs reserve the right to seek leave to amend this complaint to allege additional laws violated as appropriate.

14.   BBW and Does 1 through 60 failed to accurately account for time worked by Plaintiffs, including preliminary and postliminary activities necessary to the job.

15.   BBW's failure to pay overtime due to class members was a willful violation of Federal and State overtime payment requirements because Defendants knew or should have known and would have known had they not recklessly ignored the requirements of Federal and State overtime laws that the class members were hourly paid employees, were not exempt from overtime requirements and were accessing the company's computer programs on their own time in order to fulfill the requirements of the job, and yet Defendant BBW failed to pay all hours worked and overtime premium pay and continue to fail to pay overtime through the present time.

16.   Due to Defendant's conduct as alleged herein, Plaintiffs and the Class are entitled to restitutionary relief and disgorgement, including but not limited to all wages and monies

1  unlawfully withheld and unpaid, according to proof at trial.

2      17.    Plaintiff and the Class are entitled to an Order or Injunction, prohibiting

3  Defendant BBW from continuing to engage in the conduct alleged herein.

4                           **SECOND CAUSE OF ACTION**

5           **(LATE PAYMENT OF WAGES PURSUANT LABOR CODE §201-203)**

6      18.    Plaintiff incorporates herein all of the allegations, averments and matters

7  contained in paragraphs 1-9, inclusive as if set forth at length herein in *haec verba.*

8      19.    At all times material hereto, Labor Code §§ 201, 202 and 203 have required

9  employers to pay employees all earned and unpaid wages immediately at the time of discharge,

10  layoff, or resignation, with at least 72 hours notice and within 72 hours in the case of resignation

11  without 72 hours notice, require employers to pay all earned and unpaid wages within 72 hours

12  in the case of resignation.

13      20.    Plaintiffs and the Classes are informed, believe and allege thereon that Defendant

14  BBW and DOES 1-60 have not paid all earned wages to Plaintiff and the Class during their

15  employment with Defendants.  In addition, since at least May 2007 and continuing to the present,

16  Plaintiff and many members of the Class have been discharged, laid off, resigned, retired or

17  otherwise voluntarily left employment, but Defendant did not pay these earned wages upon

18  separation of employment in violation of California Labor Code §§ 201, 202 and 203.  BBW's

19  conduct in this regard has been willful and deliberate.

20      21.    As a consequence of Defendant BBW's and DOES 1-60's willful failure to pay

21  wages due to each such employee following separation from employment as required by Labor

22  Code § 201 and 202, Plaintiffs and the Class are entitled to recover from Defendants an

23  additional sum as a penalty, pursuant to Labor Code § 203, equal to 30 days wages per person for

24  each employee who separated from employment with Defendants, in amounts according to proof

25  at trial.

26

27

28

                          COMPLAINT FOR DAMAGES - 5 -

1
2

### THIRD CAUSE OF ACTION

### (FAILURE TO PAY OVERTIME WAGES PURSUANT TO §§510 and1198)

3        22.     Plaintiff incorporates by reference all of the allegations, averments and matters

4   contained in paragraph 1 through 9 inclusive as if set forth at length herein in *haec verba*.

5        23.     Defendant BBW and DOES 1-60 fail and refuse to pay class members overtime

6   due for time worked in excess of eight hours per day or forty hours per week. Defendant BBW

7   failed to accurately account for all hours worked by the class members including necessary and

8   customary preliminary and postliminary activities related to the class's working day for BBW,

9   including but not limited to accessing of company's Aces computer program for the purpose of

10  preparing staff schedules.

11       24.     Labor Code §1198 provides that it is unlawful to employ persons for longer than

12  the hours set by the Industrial Welfare Commission or under conditions prohibited by the

13  applicable wage order.

14       25.     At all times relevant herein, the Industrial Welfare Commission Wage Order No.

15  7- 2001 and Labor Code 510 applied to the employment of class members by Defendant. Said

16  wage order and Labor Code section provide that any employee employed for more than 8 hours a

17  day or 40 hours per week are to be paid at the rate of 1.5 times the regular rate for hours in

18  excess of 8 per day or 40 per week, and for every hour on the seventh or more consecutive day of

19  work, and 2.0 times the normal rate for hours worked over 12 or in excess of 8 on the seventh

20  consecutive day of work.

21       26.     Pursuant to Labor Code 1194(a), Plaintiff and the Class are entitled to recover

22  their lost earnings, penalties, and reasonable attorney's fees and costs.

23  **WHEREFORE PLAINTIFF PRAYS FOR JUDGMENT AS FOLLOWS**

24  **ON ALL CAUSES OF ACTION:**

25       1.      An order requiring Defendants to pay restitution of all amounts owed to Plaintiff

26  and members of the Class for failure to pay all wages due, overtime and meal period pay, and

27  interest thereon and failure to reimburse business expenses, and interest thereon, in an amount

28  according to proof, pursuant to Business & Professions Code § 17203;

2.    An order of injunction prohibiting Defendant BBW from continuing to engage in the conduct alleged herein;

3.    That Plaintiff and members of the Class be awarded pre-judgment interest on all sums collected;

4.    An award to Plaintiff and members of the Class in excess of $10 million;

5.    An award to Plaintiff and members of the Class of reasonable attorneys' fees and costs, pursuant to Cal. Code of Civil Procedure § 1021.5 and Labor Code § 1194(a);

6.    Costs of suit; and

5.    Such other, and/or further relief as is just and proper.

DATED:  April 19, 2011

_____
DANIEL BERKO, attorney for Plaintiff
DORA OLIVERAS on hers own behalf and on
behalf of all others similarly situated

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on the Second and Third Causes of Action.

DATED:  April 19, 2011

_____
DANIEL BERKO, attorney for Plaintiff
DORA OLIVERAS on her own behalf and on
behalf of all others similarly situated

COMPLAINT FOR DAMAGES - 7 -

*Oliveras v. Bath & Body Works, LLC*, U.S. Dist. Ct (N.D. Cal.), Case No _____

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT BATH & BODY WORKS, LLC

**EXHIBIT C**

Attorney or Party without Attorney (Name/Address)
DANIEL BELKO   SB# 74912
819 EDDY ST.
SAN FRANCISCO, CA 94109
Telephone: 415-771-6174
State Bar No.: 74912
Attorney for: PLAINTIFFS   DORA OLIVEROS et al.

FOR COURT USE ONLY

**ENDORSED FILED**
SAN MATEO COUNTY

APR 2 0 2011

Clerk of the Superior Court
By   T. Judd
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN MATEO
400 COUNTY CENTER
REDWOOD CITY, CA 94063

Plaintiff DORA OLIVEROS et al.

Defendant BATH & BODY WORKS, LLC et al

Certificate Re Complex Case Designation

Case Number
CIV 505003

## This certificate must be completed and filed with your Civil Case Cover Sheet if you have checked a Complex Case designation or Counter-Designation

1.  In the attached Civil Case Cover Sheet, this case is being designated or counter-designated as a complex case [or as not a complex case] because at least one or more of the following boxes has been checked:

    ☐ Box 1 – Case type that is best described as being [or not being] provisionally complex civil litigation (i.e., antitrust or trade regulation claims, construction defect claims involving many parties or structures, securities claims or investment losses involving many parties, environmental or toxic tort claims involving many parties, claims involving mass torts, or insurance coverage claims arising out of any of the foregoing claims).

    ☒ Box 2 – Complex [or not complex] due to factors requiring exceptional judicial management

    ☒ Box 5 – Is [or is not] a class action suit.

2.  This case is being so designated based upon the following supporting information [including, without limitation, a brief description of the following factors as they pertain to this particular case: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions

pending in one or more courts in other counties, states or countries or in a federal court;
(6) whether or not certification of a putative class action will in fact be pursued; and (7)
substantial post-judgment judicial supervision]:

_MANAGEMENT OF A LARGE NUMBER OF WITNESSES; COMPLEXITY_

_OF FACTUAL AND LEGAL ISSUES; NUMEROUS PRETRIAL MOTIONS_

_INCLUDIN CLASS CERTIFICATIO, SUMMARY JUDGMENT ETC;_

_SUBSTANTIAL DOCUMENTAL DISCOVERY_

_____

_____

*(attach additional pages if necessary)*

3.   Based on the above-stated supporting information, there is a reasonable basis for the complex
case designation or counter-designation [or noncomplex case counter-designation] being made
in the attached Civil Case Cover Sheet.

*****

I, the undersigned counsel or self-represented party, hereby certify that the above is true and correct
and that I make this certification subject to the applicable provisions of California Code of Civil
Procedure, Section 128.7 and/or California Rules of Professional Conduct, Rule 5-200 (B) and San
Mateo County Superior Court Local Rules, Local Rule 2.30.

Dated:  _4/19/11_

_DANIEL  BERNLV_                              _____
[Type or Print Name]                          [Signature of Party or Attorney For Party]

*Oliveras v. Bath & Body Works, LLC*, U.S. Dist. Ct (N.D. Cal.), Case No _____

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT BATH & BODY WORKS, LLC

**EXHIBIT D**

5/2 @2:33P

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BATH & BODY WORKS, LLC, and DOES 1 THROUGH 60, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DORA OLIVERAS, on behalf of herself and all others similarly situated.

---

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| **ENDORSED FILED** |
| **SAN MATEO COUNTY** |
| APR 2 0 2011 |
| Clerk of the Superior Court |
| By _____ T. Judd |
| DEPUTY CLERK |

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
| --- | --- |
| *(El nombre y dirección de la corte es):* San Mateo Superior Court | *(Número del Caso):* CIV505003 |

400 County Center
Redwood City, CA 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel Berko SB#94912, 819 Eddy St. San Francisco, CA 94102; tel. 415-771-6174

| DATE: APR 2 0 2011 | JOHN C. FITTON Clerk, by | T. JUDD | , Deputy |
| --- | --- | --- | --- |
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Bath & Body Works, LLC

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☑ other *(specify):* CCP 17061 (Limited Liability Company)
4. ☐ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |
| Judicial Council of California | | www.courtinfo.ca.gov |



*Oliveras v. Bath & Body Works, LLC*, U.S. Dist. Ct (N.D. Cal.), Case No _____

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT BATH & BODY WORKS, LLC

## EXHIBIT E

# NOTICE OF CASE MANAGEMENT CONFERENCE

Oliveras

**ENDORSED FILED**
**SAN MATEO COUNTY**

APR 2 0 2011

vs.

Bath o Body Works Clerk of the Superior Court
By T. Judd
DEPUTY CLERK

Case No. CIV 5 0 5 0 0 3

Date: 8/12/11

Time: 9:00 a.m.

Dept. — on Tuesday & Thursday
Dept. 7 — on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
   a. **Serve all named defendants and file proofs of service on those defendants with the court within 60 days** of filing the complaint (CRC 201.7).
   b. **Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.**
   c. **File and serve a completed Case Management Statement at least 15 days before the Case Management** Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.
   d. **Meet and confer,** in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30 days before the date set for the Case Management Conference.

2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. Continuances of case management conferences are highly disfavored unless good cause is shown.
4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10 days prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.
5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.
6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.
7. The Case Management judge will issue orders at the conclusion of the conference that may include:
   a. Referring parties to voluntary ADR and setting an ADR completion date;
   b. Dismissing or severing claims or parties;
   c. Setting a trial date.
8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

*Oliveras v. Bath & Body Works, LLC*, U.S. Dist. Ct (N.D. Cal.), Case No _____

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT BATH & BODY WORKS, LLC

**<u>EXHIBIT F</u>**

1 | DOUGLAS J. FARMER, State Bar No. 139646
douglas.farmer@ogletreedeakins.com
2 | MICHAEL J. NADER, State Bar No. 200425
michael.nader@ogletreedeakins.com
3 | CHRISTOPHER M. AHEARN, State Bar No. 239089
chris.ahearn@ogletreedeakins.com
4 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
5 | One Market Plaza
San Francisco, CA 94105
6 | Telephone:    415.442.4810
Facsimile:    415.442.4870
7 |
Attorneys for Defendant
8 | BATH & BODY WORKS, LLC

**ENDORSED FILED**
**SAN MATEO COUNTY**

MAY 2 7 2011

Clerk of the Superior Court
By_____UNA FINAU_____
DEPUTY CLERK

9

10 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11 | **FOR THE COUNTY OF SAN MATEO**

12 | **UNLIMITED JURISDICTION**

13 | DORA OLIVERAS, on behalf of herself and all others similarly situated,

Case No. CIV 505003

14 |
Plaintiff,

15 |
vs.

**ANSWER BY DEFENDANT BATH & BODY WORKS, LLC TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

16 | BATH & BODY WORKS, LLC, and DOES 1 through 60, inclusive,

17 |

18 | Defendants.

19

20

21

22

23

24

25

26

27

28

Case No. CIV 505003

1    Defendant Bath & Body Works, LLC ("Defendant") hereby answers the Plaintiff's

2 Complaint (the "Complaint") as follows:

3                              **GENERAL DENIAL**

4    The Complaint is not verified. Thus, pursuant to Section 431.30(d) of the Code of Civil

5 Procedure, Defendant generally denies each and every allegation in the Complaint including, but

6 not limited to, the allegations that the Plaintiff or any members of her putative class are entitled to

7 any of the relief requested, or that Defendant has engaged in any wrongful or unlawful conduct, or

8 that Defendant's conduct or omissions caused any injury or damage to the Plaintiff or any members

9 of her putative class.

10                          **AFFIRMATIVE DEFENSES**

11    Without waiving any foregoing answers and defenses, Defendant alleges the following

12 affirmative defenses to the Complaint:

13                        **FIRST AFFIRMATIVE DEFENSE**

14    The Complaint fails to state facts sufficient to constitute an actionable claim against

15 Defendant.

16                       **SECOND AFFIRMATIVE DEFENSE**

17    The Plaintiff has not suffered legally cognizable damages as a result of the matters she

18 alleges in the Complaint.

19                        **THIRD AFFIRMATIVE DEFENSE**

20    The Plaintiff's claims are barred by the applicable statute(s) of limitation, including,

21 without limitation, Cal. Code Civ. Proc. §§ 337, 338, 339, 340; 29 U.S.C. § 255; and Cal. Bus. &

22 Prof. Code § 17208.

23                       **FOURTH AFFIRMATIVE DEFENSE**

24    The Plaintiff's claims are barred because she failed to exhaust her internal and

25 administrative remedies, including but not limited to those provided in Cal. Lab. Code § 2699.3.

26                        **FIFTH AFFIRMATIVE DEFENSE**

27    The Plaintiff's claims are barred, in whole or in part, because she was at all times exempt

28 from the provisions of the California Labor Code governing wages, overtime pay, meal periods,

1  rest breaks, and hours of employment, as well as from the wage orders of California's Industrial

2  Welfare Commission, and/or from any applicable federal law.

3  ### SIXTH AFFIRMATIVE DEFENSE

4  The Plaintiff's claims are barred because she failed to perform the necessary conditions to

5  give rise to an obligation by Defendant to pay any of the claimed wages or expense

6  reimbursements.

7  ### SEVENTH AFFIRMATIVE DEFENSE

8  At al times, Defendant had a good faith, reasonable belief that it was in compliance with

9  state and federal law.

10  ### EIGHTH AFFIRMATIVE DEFENSE

11  At all relevant times, Defendant acted with a good faith belief in the propriety of its conduct

12  toward Plaintiff and her putative class, and thus Defendant acted without malice on every alleged

13  obligation owed to Plaintiff and her putative class.

14  ### NINTH AFFIRMATIVE DEFENSE

15  The Plaintiff is not entitled to any penalty award under Cal. Lab. Code §§ 203, 226.3, or

16  any other provision of California or federal law because, at all relevant times, Defendant did not

17  willfully, knowingly, or intentionally fail to comply with the compensation provisions of the

18  California Labor Code or federal law, but rather acted in good faith and had reasonable grounds for

19  believing that it did not violate those provisions.

20  ### TENTH AFFIRMATIVE DEFENSE

21  The Plaintiff is not entitled to recover any penalties or punitive damages under California or

22  federal law, and any such penalties would violate Defendant's constitutional rights under the

23  provisions of the United States and California Constitutions, including the due process clauses of

24  the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines and

25  the cruel and unusual punishment clauses of the Eighth Amendment of the United States

26  Constitution, as well as the due process and excessive fines clauses contained in the California

27  Constitution.

28

1

### ELEVENTH AFFIRMATIVE DEFENSE

2 The Plaintiff is not entitled to any premium wages under Cal. Lab. Code §§ 226.7, 512, or

3 any other provision of the California Labor Code, because the Plaintiff and her putative class were

4 always authorized and permitted to take meal breaks and rest breaks as provided by law.

5

### TWELFTH AFFIRMATIVE DEFENSE

6 The Plaintiff lacks standing to bring her causes of action based on Cal. Bus. & Prof. Code

7 §§ 17200, et seq. because she has not suffered any injury in fact and has not lost money or property

8 as a result of unfair competition by Defendant.

9

### THIRTEENTH AFFIRMATIVE DEFENSE

10 The Plaintiff is not entitled to any penalties pursuant to her causes of action based on Cal.

11 Bus. & Prof. Code §§ 17200, et seq. because penalties are not an authorized form of relief under

12 that statute.

13

### FOURTEENTH AFFIRMATIVE DEFENSE

14 The Plaintiff lacks standing to bring her causes of action based on Cal. Bus. & Prof. Code

15 §§ 17200, et seq. because her claims are individual in nature and no alleged act or omission of

16 Defendant harmed or threatened to harm the public or the public interest.

17

### FIFTEENTH AFFIRMATIVE DEFENSE

18 The Plaintiff's causes of action based on Cal. Bus. & Prof. Code §§ 17200, et seq. are

19 barred because she has an adequate remedy at law.

20

### SIXTEENTH AFFIRMATIVE DEFENSE

21 The Plaintiff's causes of action based on Cal. Bus. & Prof. Code §§ 17200, et seq. are not

22 appropriate for resolution on a representative basis and allowing such a representative claim would

23 violate the Due Process Clauses of the United States and California Constitutions.

24

### SEVENTEENTH AFFIRMATIVE DEFENSE

25 Defendant cannot be held liable for any alleged violation of Cal. Bus. & Prof. Code §§

26 17200 et seq. because its actions, conduct and/or dealings with its employees were lawful, and

27 were carried out in good faith and for legitimate business purposes.

28

#### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff's causes of action pursuant to Cal. Bus. & Prov. Code §§ 17200 et seq. are based upon an alleged failure to comply with Cal. Lab. Code § 2802, such claims are barred in whole or in part because the Plaintiff failed to submit to Defendant any proof or documents showing that any alleged expenditures or losses were incurred by Plaintiff in the discharge of her employment duties to Defendant.

#### NINETEENTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff's causes of action pursuant to Cal. Bus. & Prof. Code §§ 17200 et seq. are based upon an alleged failure to comply with Cal. Lab. Code § 2802, such claims are barred in whole or in part because any alleged expenditures or losses were not necessary and/or were not the direct consequence of the discharge of the Plaintiff's employment duties to Defendant.

#### TWENTIETH AFFIRMATIVE DEFENSE

The alleged damages, injuries, and/or losses suffered by the Plaintiff, if any, proximately resulted from the negligence of parties, persons, and/or entities other than Defendant, and the liability of Defendant, if any, is limited in direct proportion to the percentage of fault actually attributable to Defendant.

#### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiff's alleged damages, injuries, and/or losses were proximately caused by or contributed to by the acts or omissions of others and/or by unavoidable incidents or conditions, without fault on the part of Defendant, which acts, omissions, incidents and/or conditions were an intervening and superseding cause of the Plaintiff's alleged damages, injuries and/or losses, if any.

#### TWENTY- SECOND AFFIRMATIVE DEFENSE

To the extent that Defendant was not the employer of the Plaintiff, she has not been damaged by Defendant's acts and/or omissions and such she cannot state any cognizable claim against Defendant.

#### TWENTY- THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of avoidable consequences because the Plaintiff unreasonably failed to take action to avoid her alleged damages, and some or all of her

1   alleged damages would have been avoided by such action.

2   <center>**TWENTY- FOURTH AFFIRMATIVE DEFENSE**</center>

3   The Plaintiffs' claims are barred in whole or in part by her failure to exercise reasonable

4   care and diligence to mitigate any damages allegedly incurred by her.

5   <center>**TWENTY- FIFTH AFFIRMATIVE DEFENSE**</center>

6   To the extent that the Plaintiff has sustained any damages, such damages are reduced under

7   the doctrines of setoff and recoupment, by any amounts owed to Defendant by the Plaintiff.

8   <center>**TWENTY- SIXTH AFFIRMATIVE DEFENSE**</center>

9   The Plaintiff's claims are barred by the doctrine of accord and satisfaction.

10  <center>**TWENTY- SEVENTH AFFIRMATIVE DEFENSE**</center>

11  The Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

12  <center>**TWENTY- EIGHTH AFFIRMATIVE DEFENSE**</center>

13  The Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

14  <center>**TWENTY- NINTH AFFIRMATIVE DEFENSE**</center>

15  The Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

16  <center>**THIRTIETH AFFIRMATIVE DEFENSE**</center>

17  The Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

18  <center>**THIRTY-FIRST AFFIRMATIVE DEFENSE**</center>

19  The Plaintiff's claims are barred, in whole or in part, by the doctrine of *res judicata*.

20  <center>**THIRTY-SECOND AFFIRMATIVE DEFENSE**</center>

21  The Plaintiff's claims are barred, in whole or in part, by the doctrine of collateral estoppel.

22  <center>**THIRTY-THIRD AFFIRMATIVE DEFENSE**</center>

23  The Plaintiff consented to any and/or all of the conduct about which she now complains.

24  <center>**THIRTY-FOURTH AFFIRMATIVE DEFENSE**</center>

25  The putative class or classes alleged in the Complaint are overbroad, ambiguous,

26  conclusory, lack the required community of interest, and is/are not precise, objective, or readily

27  ascertainable.

28

<center>5</center>
<center>ANSWER</center>

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

The Plaintiff lacks standing to bring the claims alleged in the Complaint, both on behalf of herself and on behalf of any putative classes alleged in the Complaint.

**THIRTY- SIXTH AFFIRMATIVE DEFENSE**

The Plaintiff's representative and class allegations are barred by Defendant's right to due process of law as provided by the Constitutions of the United States of America and the State of California.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred because she has failed to and cannot satisfy the requirements necessary to maintain a class or collective action, including, without limitation, ascertainability, predominance, typicality, adequacy (both of the proposed representatives and proposed class counsel), and superiority.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

The Complaint, and each purported cause of action therein, fails to allege facts sufficient to allow recovery of attorneys' fees from Defendant.

WHEREFORE, Defendant prays for judgment as follows:

1.    That the Court deny any request by the Plaintiff to certify this action as a class action;

2.    That the Plaintiff take nothing by way of the Complaint;

3.    That the Complaint be dismissed with prejudice;

4.    That the Court enter judgment for Defendant and against the Plaintiff, on all of her alleged causes of action;

5.    That the Court award Defendant its costs and attorney fees incurred, including but not limited to costs and attorney fees pursuant to California Labor Code section 218.5; and

That the Court grant Defendant such other and further relief as the Court deems just and proper.

////

////

DATED: May 27, 2011

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: _____
Douglas J. Farmer
Michael J. Nader
Christopher M. Ahearn

Attorneys for Defendant BATH & BODY WORKS, LLC

7

ANSWER

Case No. CIV 505003

**PROOF OF SERVICE**
*DORA OLIVERAS V. BATH & BODY WORKS, LLC*
Case No. CIV 505003

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Francisco in the office of a member of the bar of this court at whose direction the service was made. My business address is Steuart Tower, Suite 1300, One Market Plaza, San Francisco, CA 94105.

On May 27, 2011, I served the following document(s):

**ANSWER BY DEFENDANT BATH & BODY WORKS, LLC TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on:

Daniel Berko                                          Attorney for:
819 Eddy Street
San Francisco, CA 94109                   Dora Oliveras
T: 415-771-6174
F: 415-474-3748
Email: Daniel@berkolaw.com

☐   **BY HAND DELIVERY:** I personally provided the documents by hand to the above individuals.

☐   **BY MESSENGER:** I provided the documents to a professional messenger service for delivery

☒   **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐   **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Steuart Tower, Suite 1300, One Market Plaza, San Francisco, CA 94105.

☐   **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Newport Beach, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

8
ANSWER

Case No. CIV 505003

☐   **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:
    ☐    the written confirmation of counsel in this action:
    ☐    [State Court motion, opposition or reply only] in accordance with Code of Civil Procedure section 1005(b):
    ☐    [Federal Court] in accordance with the written confirmation of counsel in this action and order of the court:

☐   **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒   **(State)**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐   **(Federal)**   I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 27, 2011, at San Francisco, CA.

Sarah C. Osterhaus
Type or Print Name

Signature

9

ANSWER

Case No. CIV 505003