Daniel Berko - SBN 94912
819 Eddy Street
San Francisco, CA 94109
Telephone: 415-771-6174
Facsimile: 415-474-3748
E-mail: Daniel@berkolaw.com

Attorney for DORIS OLIVARES, CATHERINE HEPSLEY,
and NANCY RHEESTON on behalf of themselves and\
all others similarly situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| DORIS OLIVARES, CATHERINE HEPSLEY, and NANCY RHEESTON, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>-vs-<br><br>BATH & BODY WORKS, LLC, and DOES 1 THROUGH 60, inclusive.<br><br>　　　　　　　Defendants. | Case No. C-11-02610 CW<br><br>**STIPULATION FOR THE FILING OF FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>CLASS ACTION |

COME NOW plaintiffs DORIS OLIVARES, CATHERINE HEPSLEY, and NANCY RHEESTON, and defendant BATH & BODY WORKS, LLC, by and through their respective counsel of record, and hereby STIPULATE and agree to the filing of a FIRST AMENDED COMPLAINT, as attached hereto.

The purpose of the FIRST AMENDED COMPLAINT is to add two representative plaintiffs, CATHERINE HEPSLEY and NANCY RHEESTON, the latter of whom will also act as the PAGA representative plaintiff. The amended complaint also adds two additional causes of action, namely a fourth cause of action under the California Private Attorney General's Act through Rheeston, and a fifth cause of action for paystub penalties pursuant to California Labor

Code Section 226. The parties have agreed to this stipulation in order to avoid the time and expense of filing a motion to amend.

Defendant BATH & BODY WORKS, LLC shall have twenty days from the date hereto to answer said FIRST AMENDED COMPLAINT.

DATED: 9-19-11

_____
DANIEL BERKO, attorney for Plaintiffs
DORIS OLIVARES, CATHERINE HEPSLEY, and NANCY RHEESTON on their own behalf and on behalf of all others similarly situated

DATED: 9-18-2011

_____
CHRISTOPHER AHEARN, attorney for Defendant BATH & BODY WORKS, LLC.

**ORDER**

IT IS SO ORDERED.

DATED: 9/20/2011

_____
HONORABLE CLAUDIA WILKEN
JUDGE OF THE UNITED STATES DISTRICT COURT

Daniel Berko - SBN 94912
819 Eddy Street
San Francisco, CA 94109
Telephone: 415-771-6174
Facsimile: 415-474-3748
E-mail: Daniel@berkolaw.com

Attorney for DORIS OLIVARES, CATHERINE HEPSLEY,
and NANCY RHEESTON on behalf of themselves and all others similarly situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| DORIS OLIVARES, CATHERINE HEPSLEY, and NANCY RHEESTON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>-vs-<br><br>BATH & BODY WORKS, LLC, and DOES 1 THROUGH 60, inclusive.<br><br>Defendants. | Case No. C-11-02610 CW<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED BY PLAINTIFFS |

Plaintiffs DORIS OLIVARES, CATHERINE HEPSLEY and NANCY RHEESTON complain of Defendants and each of them as follows:

1. Defendants BATH & BODY WORKS, LLC (hereinafter "BBW") and Does 1 through 60 employed DORIS OLIVARES, CATHERINE HEPSLEY and NANCY RHEESTON (hereinafter "OLIVARES," "HEPSLEY," and "RHEESTON") as store managers. OLIVARES managed the BBW store at the Hillsdale Mall, in San Mateo County, California, from approximately March 1, 2010 to September 2010. HEPSLEY was employed by BBW as a manager for more than four years and was manager of the BBW store in the Coddington Mall, in Santa Rosa until her termination in or around August, 2011. RHEESTON was employed by BBW as a manager for more than four years and was manager of the BBW store at Stonestown Mall at the time of her termination in approximately March 2011.

FIRST AMENDED COMPLAINT OF DAMAGES- 1 -

2. BATH & BODY WORKS, LLC ("BBW") is a Delaware Limited Liability Company, licensed to do business in the State of California, and operates within the state as a purveyor of lotions and potions sold through retail outlets.

3. Plaintiffs do not know the true names of Defendants DOES 1-60 inclusive, and therefore sue them by those fictitious names. Plaintiffs are informed and believe, and on the basis of that information and belief allege, that each of those defendants was in some manner legally responsible for the events, happenings, injuries and damages alleged in this complaint. Plaintiffs are informed and believe and thereupon allege that each of the Does 1-60 and all named Defendants, and each of them, encouraged, supported, aided, advised, agreed upon and abetted the violations that are alleged in this complaint.

4. In this complaint when reference is made to any act of BBW such allegations shall mean that the owners, officers, directors, agents, employees or representatives of BBW authorized, ratified, approved such acts, or negligently failed and omitted to supervise its employees and agents while engaged in the management, direction, operation or control of the affairs of the business organization and did so while acting within the course and scope of its employment or agency.

5. Plaintiffs OLIVARES, HEPSLEY and RHEESTON bring this action on their own behalf, and on behalf of all persons similarly situated. The class Plaintiffs represent consists of all persons who were employed by BBW and who were not paid for all hours at BBW and did not receive overtime compensation even though they were not exempt employees. The class comprises all managers, co-managers and similarly situated employees who worked off the clock, uncompensated hours while employed at BBW.

6. Plaintiffs and class members maintain that defendants' company-wide policy of not paying them for work performed at home involving access to the company's "Aces" program for the purpose of creating, modifying and updating staff schedules, and work performed on tasks having to do with employee evaluations and other company reports required by District Managers, was a willful, intentional, and knowing violation of California law.

7. There are well-defined common of questions of law and fact affecting the class

FIRST AMENDED COMPLAINT FOR DAMAGES - 2 -

Plaintiffs represent. The class members' claims against Defendants involve questions of common and general interest in that each and every one of the class members:

    a. Worked off the clock as a matter of company-wide policy;

    b. Were not paid for all hours worked;

    c. Were not paid all overtime premium pay due to them;

    d. Were knowingly and intentionally not paid at termination of employment all monies due to them;

    e. Benefit from liability being found as against all defendants for all claims;

    f. Are subject to all of the same defenses that Defendants will assert;

    g. Have an identical interest in the success of the legal theories being asserted;

    h. Will benefit from having the claims asserted as a class action;

    i. Have an identical interest in demonstrating the liability of each and every defendant;

    j. Will prove the liability of each and every defendant due to his or its personal connection to the wrongdoing utilizing identical or nearly identical evidence in support;

    k. Claim identical or nearly identical types of damages and penalties; and

    l. Every class member has identical facts supporting her claim that COMCAST should be liable for his damages.

8. Accordingly, the facts supporting the claim for each class member are identical or substantially similar for Plaintiffs and each member of the class and the alleged breach and claim of liability is identical or substantially identical for each member of the class. These questions are such that proof of a state of facts common to the class representatives and to members of the class will entitle each member of the class to the relief requested in this complaint.

9. Plaintiffs will fairly and adequately represent the interests of the class, because Plaintiffs are members of the class and Plaintiffs' claims are typical of those in the class.

FIRST AMENDED COMPLAINT FOR DAMAGES - 3 -

## FIRST CAUSE OF ACTION

## (VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200)

10. Plaintiffs incorporate herein in *haec verba* all of the allegations, averments and matters contained in paragraphs 1-9 above.

11. Business and Professions Code §17200 *et seq.* prohibits any business from engaging in unfair competition which it defines as any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising including any act prohibited by Business and Professions Code §17500.

12. BBW's refusal to pay class members the wages due to them as alleged herein, was aided, abetted, supported and encouraged by all defendants. BBW's acts and omissions in suffering and permitting of the work of OLIVARES, HEPSLEY, RHEESTON, and the Class Members, and its failure to pay for all hours worked, overtime premium pay, and all wages due upon termination are each separately and collectively unfair and unlawful business practices.

13. Each class member is entitled to restitutionary damages and disgorgement of wrongful profits which constitute or result from (1) the failure to pay all wages due or (2) the failure to pay overtime due under Labor Code §§510 and 1198 in conjunction with Wage Order 7-2001 and 29 U.S.C. 202 *et seq.*, or (3) the failure to pay for all time spent while employed by BBW or (4) the willful failure to pay all monies due at the termination of employment. To the extent that Defendants, and any of them, received greater profits from their business or money from BBW's operations than they otherwise would have had Defendants obeyed California and United States labor laws, Defendant BBW and Does 1-60 must disgorge all such profits and money in order to pay Plaintiffs and the Class the money owed to them. Among the laws violated by Defendants and Does 1-60 are California Constitution Article XV, §1California Labor Code 201, 203, 226, 510 and 1198. Plaintiffs reserve the right to seek leave to amend this complaint to allege additional laws violated as appropriate.

14. BBW and Does 1 through 60 failed to accurately account for time worked by Plaintiffs, including preliminary and postliminary activities necessary to the job.

15. BBW's failure to pay overtime due to class members was a willful violation of

Federal and State overtime payment requirements because Defendants knew or should have known and would have known had they not recklessly ignored the requirements of Federal and State overtime laws that the class members were hourly paid employees, were not exempt from overtime requirements and were accessing the company's computer programs on their own time in order to fulfill the requirements of the job, and yet Defendant BBW failed to pay all hours worked and overtime premium pay and continue to fail to pay overtime through the present time.

16. Due to Defendant's conduct as alleged herein, Plaintiffs and the Class are entitled to restitutionary relief and disgorgement, including but not limited to all wages and monies unlawfully withheld and unpaid, according to proof at trial.

17. Plaintiffs and the Class are entitled to an Order or Injunction, prohibiting Defendant BBW from continuing to engage in the conduct alleged herein.

## SECOND CAUSE OF ACTION

### (LATE PAYMENT OF WAGES PURSUANT LABOR CODE §201-203)

18. Plaintiffs incorporate herein all of the allegations, averments and matters contained in paragraphs 1-9, inclusive as if set forth at length herein in *haec verba.*

19. At all times material hereto, Labor Code §§ 201, 202 and 203 have required employers to pay employees all earned and unpaid wages immediately at the time of discharge, layoff, or resignation, with at least 72 hours notice and within 72 hours in the case of resignation without 72 hours notice, require employers to pay all earned and unpaid wages within 72 hours in the case of resignation.

20. Plaintiffs and the Class are informed, believe and allege thereon that Defendant BBW and DOES 1-60 have not paid all earned wages to Plaintiffs and the Class during their employment with Defendants. In addition, since at least May 2007 and continuing to the present, Plaintiffs OLIVARES, HEPSLEY and RHEESTON, and many or all members of the Class have been discharged, laid off, resigned, retired or otherwise voluntarily left employment, but Defendant did not pay these earned wages upon separation of employment in violation of California Labor Code §§ 201, 202 and 203. BBW's conduct in this regard has been willful and deliberate.

21. As a consequence of Defendant BBW's and DOES 1-60's willful failure to pay wages due to each such employee following separation from employment as required by Labor Code § 201 and 202, Plaintiffs and the Class are entitled to recover from Defendants an additional sum as a penalty, pursuant to Labor Code § 203, equal to 30 days wages per person for each employee who separated from employment with Defendants, in amounts according to proof at trial.

### THIRD CAUSE OF ACTION

### (FAILURE TO PAY OVERTIME WAGES PURSUANT TO §§510 and1198)

22. Plaintiffs incorporate by reference all of the allegations, averments and matters contained in paragraph 1 through 9 inclusive as if set forth at length herein in *haec verba*.

23. Defendant BBW and DOES 1-60 failed and refused to pay OLIVARES, HEPSLEY, AND RHEESTON and other class members overtime due for time worked in excess of eight hours per day or forty hours per week. Defendant BBW failed to accurately account for all hours worked by the class members including necessary and customary preliminary and postliminary activities related to the class's working day for BBW, including but not limited to accessing of company's "ACES" computer program for the purpose of preparing staff schedules, evaluations and other reports.

24. Labor Code §1198 provides that it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the applicable wage order.

25. At all times relevant herein, the Industrial Welfare Commission Wage Order No. 7- 2001 and Labor Code 510 applied to the employment of class members by Defendant. Said wage order and Labor Code section provide that any employee employed for more than 8 hours a day or 40 hours per week are to be paid at the rate of 1.5 times the regular rate for hours in excess of 8 per day or 40 per week, and for every hour on the seventh or more consecutive day of work, and 2.0 times the normal rate for hours worked over 12 or in excess of 8 on the seventh consecutive day of work.

26. Pursuant to Labor Code 1194(a), Plaintiffs and the Class are entitled to recover

FIRST AMENDED COMPLAINT FOR DAMAGES - 6 -

their lost earnings, penalties, and reasonable attorney's fees and costs.

## FOURTH CAUSE OF ACTION

### (PRIVATE ATTORNEY GENERAL'S ACT)

27. Plaintiffs incorporate herein all of the allegations, averments and matters contained in paragraphs 1 through 9 above as if set forth at length *in haec verba*.

28. Plaintiff RHEESTON wrote to the Labor and Work Force Development Agency on June 13, 2011, pursuant to Labor Code Section 2699 with notice of alleged Labor Code violations. The time for the agency to respond has expired without response. Accordingly, and pursuant to California Labor Code Section 2699 *et seq*. Plaintiff RHEESTON seeks to recover all penalties permitted for each violation proved of applicable Labor Code sections, including, 201, 203, 510, and 1198, as well as an award of attorney's fees and costs.

## FIFTH CAUSE OF ACTION

### (Violation Of Labor Code §226)

29. Plaintiffs incorporate herein all of the allegations, averments and matters contained in paragraphs 1 through 9 above as if set forth at length *in haec verba*.

30. Labor Code Section 226 requires all employers to provide each employee at the time of the payment of wages with a detachable part of the check, draft or voucher paying the employees' wages which shows the gross wages earned, total hours worked, and all applicable wage rates.

31. Defendant violated this Labor Code section in respect to OLIVARES, HEPSLEY, AND RHEESTON, and other class member who was not paid for all hours worked by her, and or whose hourly rates were secretly reduced by the uncompensated off the clock time, in violation of Labor Code Section 223.

32. As a result of said violations of Labor Code Section 226, plaintiffs have suffered actual damages and are entitled to recover for those actual damages, as well as statutory penalties and reasonable attorney's fees and costs.

FIRST AMENDED COMPLAINT FOR DAMAGES - 7 -

**WHEREFORE PLAINTIFFS PRAYS FOR JUDGMENT AS FOLLOWS ON ALL CAUSES OF ACTION:**

1. An order requiring Defendants to pay restitution of all amounts owed to Plaintiffs and members of the Class for failure to pay all wages due, overtime, and interest thereon in an amount according to proof, pursuant to Business & Professions Code § 17203;

2. An order of injunction prohibiting Defendant BBW from continuing to engage in the conduct alleged herein;

3. That Plaintiffs and members of the Class be awarded pre-judgment interest on all sums collected;

4. An award to Plaintiffs and members of the Class in excess of $10 million;

5. An award to Plaintiffs and members of the Class of reasonable attorneys' fees and costs, pursuant to Cal. Code of Civil Procedure § 1021.5 and Labor Code § 226, 1194(a) and 2699 et seq.;

6. Costs of suit; and

7. Such other, and/or further relief as is just and proper.

DATED: _____         _____

DANIEL BERKO, attorney for Plaintiffs DORIS OLIVARES, CATHERINE HEPSLEY, and NANCY RHEESTON on their own behalf and on behalf of all others similarly situated

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial by jury on all causes of action, except the First.

DATED: _____         _____

DANIEL BERKO, attorney for Plaintiffs DORIS OLIVARES, CATHERINE HEPSLEY, and NANCY RHEESTON on their own behalf and on behalf of all others similarly situated