1  DANIEL BERKO, State Bar No. 94912
   daniel@berkolaw.com
2  CARLOS JATO, State Bar No. 282710
   cgjato@berkolaw.com
3  LAW OFFICES OF DANIEL BERKO
   819 Eddy Street
4  San Francisco, CA 94109
   Telephone:  415.771.6174
5  Facsimile:  415.474.3748

6  Attorneys for Plaintiffs
   DORIS OLIVARES, CATHERINE HEPSLEY,
7  and NANCY RHEESTON

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DORIS OLIVARES, CATHERINE HEPSLEY, and NANCY RHEESTON, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>-vs-<br><br>BATH & BODY WORKS, LLC, and DOES 1 THROUGH 60, inclusive.<br><br>    Defendants. | Case No. 3:11-CV-02610-JCS<br><br>**[PROPOSED]** ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT<br><br>CLASS ACTION |

# FINAL APPROVAL ORDER

On April 20, 2011, Representative Plaintiff Doris Olivares, individually and on behalf of a purported class of similarly situated individuals, filed a Class Action Complaint naming Defendant Bath & Body Works, LLC, in the Superior Court of the State of California, County of San Mateo.  On June 1, 2011, Defendant removed the case to the United States District Court for the Northern District of California.  On September 19, 2011, Plaintiff filed a First Amended Complaint adding Catherine Hepsley and Nancy Rheeston as Representative Plaintiffs.  That action is known as <u>Doris Olivares, et al. v. Bath & Body Works, LLC</u>, Case No. 3:11-cv-02610-JCS.  The Class Action Complaint asserts claims against Defendant under:  (a) §201 *et seq.* of the Fair Labor Standards Act, California IWC Wage Order 7-2001, and §§ 510 and 1198 of the California Labor Code for an alleged failure to pay overtime; (b) §§ 201- 203 of the California Labor Code for an alleged failure to pay wages in a timely manner upon termination; (c) § 226 of the California Labor Code for an alleged failure to provide accurate itemized wage statements; (d) §§ 17200 et seq. of the California Bus. and Prof. Code for alleged unlawful and unfair business practices; (e) the Labor Code Private Attorney's General Act of 2004, pursuant to California Labor Code sections 2698, *et seq.*; and (f) Article XV, §1 of the California Constitution.  Defendant denied all of Plaintiffs' allegations and denied liability on all claims.

On May 8, 2012, the Parties participated in a mediation in California before the Honorable Edward Panelli (Ret.), a former justice of the Supreme Court of the State of California and an experienced mediator with the national organization JAMS.  At the conclusion of the mediation, the Parties reached a settlement subject to Court approval as represented in the Stipulation of Class Action Settlement and Release (the "Stipulation") that was filed previously with this Court.

On March 1, 2013, this Court conducted a Final Settlement Fairness Hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and this Court's previous Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order") entered herein on October 29, 2012.  Due and adequate notice having been given to the Settlement Class as required in said Preliminary Approval Order, with no objection having been made by any member of the Settlement Class to the proposed settlement, and the Court having

considered all papers filed and proceedings had herein and otherwise being fully informed in the matter, and good cause appearing therefore:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. For the reasons set forth in the Preliminary Approval Order and in the transcript of the proceedings of the Preliminary Approval hearing, which are adopted and incorporated herein by reference, this Court finds that the applicable requirements of Rule 23(e) of the Federal Rules of Civil Procedure have been satisfied with respect to the Class and the proposed Settlement. The Court hereby makes final its earlier provisional certification of the Class, as set forth in the Preliminary Approval Order.

2. This Final Approval Order hereby adopts and incorporates by reference the terms and conditions of the Parties' Stipulation, together with the definitions of terms used and contained therein.

3. The Court finds that it has jurisdiction over the subject matter of the Class Action and over all parties to the Class Action, including all members of the Settlement Class.

4. The Class Notice given to the Class Members fully and accurately informed the Class Members of all material elements of the proposed Settlement and of their opportunity to object to or comment thereon; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the Federal Rules of Civil Procedure, the United States Constitution, due process, and other applicable law. The Class Notice fairly and adequately described the Settlement and provided Class Members adequate instructions and a variety of means to obtain additional information. A full opportunity has been afforded to the Class Members to participate in the Final Settlement Fairness Hearing, and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members who did not timely and properly execute a request for exclusion are bound by this Order and Judgment.

5. The Court has considered all relevant factors for determining the fairness of the settlement and has concluded that all such factors weigh in favor of granting final approval. In

particular, the Court finds that the Settlement was reached following meaningful discovery and investigation conducted by Class Counsel; that the Settlement is the result of serious, informed, adversarial, and arm's-length negotiations between the Parties; and that the terms of the Settlement are in all respects fair, adequate, and reasonable.  In so finding, the Court has considered all of the evidence presented, including evidence regarding the strength of the Plaintiffs' case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in Settlement; the extent of investigation and discovery completed; and the experience and views of Class Counsel.  The Court further has considered the objections to the Settlement by Class Members, if any.  Accordingly, the Court hereby approves the Settlement as set forth in the Stipulation and expressly finds that said Settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the entire Settlement Class and hereby directs implementation of all remaining terms, conditions, and provisions of the Stipulation.

6.  The Court hereby makes final its earlier approval of Class Counsel, as set forth in the Preliminary Approval Order.  Attorneys' fees to Class Counsel in the amount of $429,000.00 and costs of $17,500.00, as compensation for all attorney time spent on this matter from its inception, including all work related to this case and all costs, is hereby approved as fair and reasonable.  No other costs or fees relief shall be awarded, either against Defendant or any other of the Released Parties, as defined in the Stipulation.

7.  The Court hereby makes final its earlier approval of Representative Plaintiffs Doris Olivares, Catherine Hepsley, and Nancy Rheeston as Class Representatives, as set forth in the Preliminary Approval Order.  Based on their unique contribution to the class and risk incurred, the Court finds an enhancement payment of $7,500.00 for each Representative Plaintiffs is appropriate, proper, and reasonable and is therefore approved.

8.  The Court herby approves a payment by Defendant of $5,000.00, pursuant to California Labor Code section 2698, *et seq.*, the California Private Attorneys General Act ("PAGA"), with Seventy Five Percent (75%) of which, $3,750.00, is to be paid to the California Labor and Workforce Development Agency.

9. Entry of this Final Approval Order and Judgment shall constitute a full and complete bar against the Settlement Class (including those Class Members who are former employees of Defendant and who failed to complete and/or timely return a claim for monetary recovery to the Claims Administrator as specified in the Stipulation and Preliminary Approval Order), as to all the claims released by the Stipulation, and shall constitute res judicata and collateral estoppel with respect to any and all such prior, current, or future released claims.

10. The Court further confirms and finds that nothing contained in the Stipulation, the Preliminary Approval Order, this Final Approval Order and Judgment, or any other Order entered in this action shall in any way or manner constitute an admission or determination of liability by or against Defendant, or any other Released Parties with respect to any of the claims and causes of action asserted by the Settlement Class or any member thereof, and shall not be offered in evidence in any action or proceeding against Defendant, or any other Released Parties in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to the extent necessary to enforce the provisions of the Stipulation or this Order and Judgment.

11. By operation of the entry of this Final Approval Order and Judgment, as of the Effective Date, the Parties and Settlement Class Members are ordered to perform their respective duties and obligations under the Stipulation.

12. If the Settlement does not become final and effective in accord with the terms of the Stipulation, then this Final Approval Order and Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered, including but not limited to all releases delivered in connection herewith, shall be null and void.

13. The Court shall have continuing jurisdiction over the construction, interpretation, implementation, and enforcement of the Stipulation in accordance with its terms, and over the administration and distribution of the Settlement proceeds.

## JUDGMENT

In accordance with, and for the reasons stated in the Final Approval Order, judgment shall be entered whereby Representative Plaintiffs and all Settlement Class Members shall take nothing

from Defendant, except as expressly set forth in the Stipulation, which was previously filed, as part of Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement.

**IT IS SO ORDERED.**

Dated: March 5, 2013

_____
The Honorable Joseph C. Spero
Magistrate Judge
For the United States District Court for the Northern District of California